WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Melissa Duran,<br><br>Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin, Acting Commissioner of the Social Security Administration,<br><br>Defendant. | No. CV-13-0323-PHX-GMS<br><br><br>**ORDER** |

Pending before the Court is the appeal of Plaintiff Melissa Duran, which challenges the Social Security Administration's decision to deny benefits. (Doc. 14.) For the reasons set forth below, the Court affirms that decision.

**BACKGROUND**

Duran applied for disability insurance benefits on April 29, 2009, (R. at 146–51), and for supplemental security income on May 18, 2009, (*Id*. at 152–58). In both applications, Duran alleged a disability onset date of November 16, 2007. (*Id.*) Duran met the insured status requirements of the Social Security Act through December 31, 2011. (*Id*. at 26.) Her claims were denied both initially and upon reconsideration. (*Id*. at 83–90, 93–99.) She then appealed to an Administrative Law Judge ("ALJ"). (*Id*. at 106–07.) The ALJ conducted a hearing on the matter on April 4, 2011.  (*Id*. at 37–78.)

/ / /

/ / /

/ / /

In evaluating whether Duran was disabled, the ALJ undertook the five-step sequential evaluation for determining disability.[1] (*Id*. at 25–26.) At step one, the ALJ determined that Duran had not engaged in substantial gainful activity since the alleged onset date. (*Id*. at 26.) At step two, the ALJ determined that Duran suffered from the severe impairments of obesity, post lumbar surgery, and post kidney removal due to cancer. (*Id.*) At step three, the ALJ determined that none of these impairments, either alone or in combination, met or equaled any of the Social Security Administration's listed impairments. (*Id*. at 26–27.)

At that point, the ALJ made a determination of Duran's residual functional capacity ("RFC"),[2] concluding that she could perform sedentary work. (*Id*. at 27–30.) The ALJ thus determined at step four that Duran retained the RFC to perform her past

---

[1] The five-step sequential evaluation of disability is set out in 20 C.F.R. § 404.1520 (governing disability insurance benefits) and 20 C.F.R. § 416.920 (governing supplemental security income). Under the test:

> A claimant must be found disabled if she proves: (1) that she is not presently engaged in a substantial gainful activity[,] (2) that her disability is severe, and (3) that her impairment meets or equals one of the specific impairments described in the regulations. If the impairment does not meet or equal one of the specific impairments described in the regulations, the claimant can still establish a prima facie case of disability by proving at step four that in addition to the first two requirements, she is not able to perform any work that she has done in the past. Once the claimant establishes a prima facie case, the burden of proof shifts to the agency at step five to demonstrate that the claimant can perform a significant number of other jobs in the national economy. This step-five determination is made on the basis of four factors: the claimant's residual functional capacity, age, work experience and education.

*Hoopai v. Astrue*, 499 F.3d 1071, 1074–75 (9th Cir. 2007) (internal citations and quotations omitted).

[2] RFC is the most a claimant can do despite the limitations caused by his impairments. *See* S.S.R. 96-8p (July 2, 1996).

relevant work as a collections supervisor and a collections agent. (*Id*. at 30.) The ALJ did not reach step five. Given this analysis, the ALJ concluded that Duran was not disabled. (*Id.*)

The Appeals Council declined to review the decision. (*Id*. at 1–6.)

Plaintiff filed the complaint underlying this action on June 18, 2013, seeking this Court's review of the ALJ's denial of benefits.[3] (Doc. 14.) The matter is now fully briefed before this Court. (Docs. 14, 19, 26.)

## DISCUSSION

### I. STANDARD OF REVIEW

A reviewing federal court will only address the issues raised by the claimant in the appeal from the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). A federal court may set aside a denial of disability benefits only if that denial is either unsupported by substantial evidence or based on legal error. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Substantial evidence is "more than a scintilla but less than a preponderance." *Id.* (quotation omitted). "Substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id.* (quotation omitted).

However, the ALJ is responsible for resolving conflicts in testimony, determining credibility, and resolving ambiguities. *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). "When the evidence before the ALJ is subject to more than one rational interpretation, we must defer to the ALJ's conclusion." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004). This is so because "[t]he [ALJ] and not the reviewing court must resolve conflicts in evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney v.*

---

[3] Plaintiff was authorized to file this action by 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . .").

- 3 -

*Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) (citations omitted).

## II.     ANALYSIS

Duran argues that the ALJ erred by: (A) giving little weight to the assessment of her treating physician, Dr. Rakkar, (Doc. 14 at 14–20), (B) rejecting Duran's symptom testimony, (*id.* at 21–28), and (C) determining Duran's work capacities without support in substantial evidence in the record, (*id.* at 28–30). The Court will address each argument in turn.

### A.     Assessment by Treating Physician

Duran first argues that the ALJ improperly discounted the assessment by her treating physician Dr. Rakkar.  The regulations impose a hierarchy for medical opinions offered by licensed physicians. The opinion of a treating physician is given more weight than non-treating and non-examining medical sources. *See* 20 C.F.R. § 404.1527; *Orn v. Astrue,* 495 F.3d 625, 631 (9th Cir. 2007); *Lester v. Chater,* 81 F.3d 821, 830 (9th Cir. 1995). When the treating doctor's opinion is uncontradicted, the ALJ can reject those conclusions only for "'clear and convincing' reasons." *Lester,* 81 F.3d at 830 (quoting *Baxter v. Sullivan,* 923 F.2d 1391, 1396 (9th Cir. 1991)). Even when another doctor disagrees with the treating doctor's opinion, as is the case here with Dr. Tom, (R. at 341–48), the ALJ can reject the treating doctor's conclusions only when he provides "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id.* (quoting *Murray v. Heckler,* 722 F.2d 499, 502 (9th Cir. 1983)).

The ALJ was "unable to assign great weight" to Dr. Rakkar's opinions. (R. at 30.) He first asserted that Dr. Rakkar's August 2010 finding that Duran can sit for only a half hour a day was unsupported by the objective medical evidence in the record and that Dr. Rakkar's assessments regarding Duran's fatigue conflicted with the medical evidence and with Duran's function report. (*Id.*) The ALJ further noted that Dr. Rakkar assessed different sitting limitations in her August 2010 and July 2011 opinions. (*Id.*) The ALJ cited to numerous portions of Duran's medical records demonstrating that her condition

1    improved following her July 2009 surgery. The medical records following her surgery
2    state that her symptoms improved 60%, that she was walking better, and that imaging
3    demonstrated normal disc spaces with no evidence of spondylolisthesis or compression
4    factors. (*Id.* at 28.) Duran's medical records following her surgery do note that she
5    continued to report back pain, but that imaging and medical examinations neither
6    explained why her pain persisted following recovery from the surgery nor suggested
7    severe fatigue. (*Id.*; *see also id.* at 434–37, 470, 529.) Further, Dr. Rakkar's opinions do
8    not cite to any objective medical evidence or otherwise provide justification for the
9    assessed limitations that would controvert the medical records. As such, the medical
10   records conflict with both Dr. Rakkar's findings about Duran's ability to sit and with her
11   findings about Duran's fatigue.

12          The ALJ further noted that Dr. Rakkar stated that Duran could maintain only
13   frequent use of her hands, but that the medical records do not support this limitation. (*Id.*
14   at 29.) Again, Dr. Rakkar did not offer explanation to suggest otherwise.

15          Finally, the ALJ stated that Dr. Rakkar's finding of Duran's need for a hand-held
16   device for ambulation was contradicted by records of her walking well without the use of
17   any such device and the lack of a prescription for a cane or other device. (*Id.* at 29–30.)
18   However, the record does indicate that Duran did use a hand-held device for ambulation
19   at various points (R. at 211, 219), and that the existence of a prescription for such a
20   device is irrelevant as such devices are available without a prescription. Accordingly, this
21   particular argument is not supported by substantial evidence in the record.

22          Without considering the ALJ's argument regarding the use of a hand-held device
23   for ambulation, the ALJ nonetheless provided specific and legitimate reasons for
24   discounting Dr. Rakkar's opinions, supported by substantial evidence in the record.
25   *Murray*, 722 F.2d at 502. Thus, the ALJ will not be reversed on this ground.

26   / / /
27   / / /
28

- 5 -

### B. Plaintiff's Symptom Testimony

Duran next contends that the ALJ erred in finding that her testimony was not fully credible as to the severity and extent of her limitations. The ALJ must engage in a two-step analysis in determining whether a claimant's testimony is credible. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007). The ALJ must first "determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* at 1036. If she has, and the ALJ has found no evidence of malingering, then the ALJ may reject the claimant's testimony "only by offering specific, clear and convincing reasons for doing so." *Id.* If an ALJ finds that a claimant's testimony relating to the intensity of his pain and other limitations is unreliable, the ALJ must make a credibility determination citing the reasons why the testimony is unpersuasive. *See Bunnell v. Sullivan,* 947 F.2d 341 (9th Cir. 1991). The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). These findings, properly supported by the record, must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain. *Bunnell*, 947 F.2d at 345–46 (internal quotation marks and citation omitted).

Here, at the first step, the ALJ concluded that Duran's medically determinable impairments could reasonably be expected to produce her alleged symptoms. (R. at 27.) However, at the second step, the ALJ found that Duran's statements regarding the intensity, persistence, and limiting effects of her symptoms were not credible to the extent that they conflicted with the ALJ's RFC assessment. (*Id.* at 27–28.) The ALJ did not state that he found any evidence of malingering; thus, his reasons for rejecting Duran's symptom testimony must be clear and convincing. *Lingenfelter*, 504 F.3d at 1036. The ALJ's general statement that Duran's symptom testimony conflicts with the

RFC does not itself constitute "specific, clear and convincing reasons" for discounting her testimony. Indeed, the ALJ is required to consider Duran's symptom testimony in making the RFC assessment. 20 CFR § 416.945(a) (3). "Dismissing a claimant's credibility because it is inconsistent with a conclusion that must itself address the claimant's credibility is circular reasoning" that cannot be sustained by this Court. *Leitheiser v. Astrue,* No. CV 10–6243–SI, 2012 WL 967647 at *9 (D. Or. Mar. 16, 2012).

However, beyond this general statement, the ALJ did provide clear and convincing reasons for his finding that Duran's symptom testimony was only somewhat credible. First, the ALJ cited to objective medical evidence in the record that does not support her testimony. (R. at 28–29.) This included numerous portions of Duran's medical records noting symptom improvement and normal gait. (*Id.*) As noted previously, the medical records demonstrate that Duran continued to report pain, but that this was not supported in repeated examinations and imaging in the record. Additionally, the ALJ found that Duran's testimony was inconsistent with some of her own statements about her daily activities. (*Id.*) The ALJ noted that portions of Duran's testimony conflicted with prior statements she had made about her ability to sit and with her reported activities of daily living. *(Id.)* Accordingly, the ALJ did not err in finding Duran's symptom testimony only somewhat credible.

### C. Determination of Plaintiff's Work Capacities

Finally, Duran argues that the ALJ erred in his determination of her work capacities. The ALJ determined that Duran was capable of a limited range of sedentary work. (R. at 27.) Duran asserts that the ALJ based his determination solely on his own opinion, untied to supporting evidence in the record. Duran argues that this is the case because the ALJ gave only little weight to Dr. Rakkar's opinion, gave only "some weight" to state agency ratings, and instead assigned Duran a more limited RFC than recommended by the agency doctors.

- 7 -

The RFC is an administrative finding "based on all of the relevant medical and other evidence." 20 C.F.R. § 404.1545(a)(3). Here, the ALJ's ultimate RFC assessment largely tracked the state agency ratings, but also took into account the other evidence in the record. While the ALJ gave "some weight," to the agency ratings, he decided to give Duran the reasonable benefit of the doubt and assigned her a sedentary RFC, as opposed to the reduced range of light work recommended by the state agency. (R. at 29.) In determining Duran's RFC, the ALJ looked to the relevant medical and other evidence in the record, coming to a conclusion supported by substantial evidence in that record. Thus, the ALJ did not err in his RFC determination.

## CONCLUSION

The ALJ made no error of law and there is substantial evidence to support the ALJ's denial of benefits. Therefore,

**IT IS HEREBY ORDERED** that the ALJ's decision is **AFFIRMED.**

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to **TERMINATE** this action.

Dated this 21st day of October, 2013.

*/s/ A. Murray Snow*
G. Murray Snow
United States District Judge